IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   93-cr-40032 JPG |
| | ) | |
| ANTHONY GARRETT, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant Anthony Garrett's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 164).   The Court appointed counsel for the defendant, and following *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013), counsel continues her representation on a voluntary basis.   Counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 173). *See Anders v. California*, 386 U.S. 738, 744 (1967).   The Government has responded to counsel's motion (Doc. 175).   The defendant has not responded, although he was given an opportunity to do so.

On November 17, 1993, a jury found Garrett guilty of conspiring to distribute and possess with intent to distribute crack cocaine and of using and carrying a firearm during and in relation to a drug trafficking crime (Doc. 64).   Using the 1993 Sentencing Guidelines Manual, the Court determined Garrett's relevant conduct was at least 500 grams but less than 1.5 kilograms of crack cocaine, resulting in a base offense level of 36.   His offense level was reduced by two points under U.S.S.G. § 3B1.2(b) because he was a minor participant in the offense, yielding a total offense level of 34.   However, the Court further found that Garrett was a career offender under U.S.S.G.

§ 4B1.1 based on prior violent felony convictions, which raised his total offense level to 37. Considering Garrett's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 360 months to life in prison for the conspiracy count.   The Court imposed a sentence of 360 months for the conspiracy count plus a mandatory 120-month consecutive sentence for the firearm count, for a total sentence of 480 months (Doc. 87 & 91).

Garrett now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence pursuant to 18 U.S.C. § 3582(c)(2).   Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine.   The relevant parts of Amendment 750 are retroactive.   *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.   If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.   *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d

2

585, 588 (7th Cir. 2009)**.**

     The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Although Amendment 750 amended U.S.S.G. § 2D1.1 to lower some base offense levels associated with crack cocaine, the defendant was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

     Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 173) and **DISMISSES** Garrett's *pro se* motion for a sentence reduction (Doc. 164) for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:   May 1, 2014**

                    s/J. Phil Gilbert_____
                    **J. PHIL GILBERT**
                    **U.S. DISTRICT JUDGE**