IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ANTHONY GARRETT,<br><br>  Defendant. | No.  93-cr-40032 JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Anthony Garrett's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 177).   The Government has not responded to the defendant's motion.

On November 17, 1993, a jury found Garrett guilty of conspiring to distribute and possess with intent to distribute crack cocaine and of using and carrying a firearm during and in relation to a drug trafficking crime (Doc. 64).   Using the 1993 Sentencing Guidelines Manual, the Court determined Garrett's relevant conduct was at least 500 grams but less than 1.5 kilograms of crack cocaine, resulting in a base offense level of 36.   His offense level was reduced by two points under U.S.S.G. § 3B1.2(b) because he was a minor participant in the offense, yielding a total offense level of 34.   However, the Court further found that Garrett was a career offender under U.S.S.G. § 4B1.1 based on prior violent felony convictions, which raised his total offense level to 37.  Considering Garrett's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 360 months to life in prison for the conspiracy count.   The Court imposed a sentence of 360 months for the conspiracy count plus a mandatory 120-month consecutive sentence for the firearm count, for a total sentence of 480

months (Doc. 87 & 91).

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.  Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015.  *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If an amendment does not lower the defendant's applicable guideline range, the Court cannot grant a sentence reduction. *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on his career offender base offense level set forth in

U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1.   Thus, his offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.   *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** his motion (Doc. 177).   The Court **DIRECTS** the Clerk of Court to send a copy of this order to Anthony Garrett, Reg. No. 02823-025, FCI-Ashland, Federal Correctional Institution, P.O. Box 6001, Ashland, KY 41105.

**IT IS SO ORDERED.**
**DATED:   February 23, 2015**

               s/J. Phil Gilbert
               **J. PHIL GILBERT**
               **U.S. DISTRICT JUDGE**